VOGLER v. WILLIAM C. RONEY & CO.

1. STATUTES—CONSTRUCTION.
  Where language used in statute is neither uncertain nor ambiguous, but its meaning is plain, there is no occasion for court to construe it.

2. LICENSES—BLUE-SKY LAW—KNOWLEDGE OF VIOLATION OF ACT.
  In action under section 20, Act No. 220, Pub. Acts 1923, to recover purchase price of stock sold in violation of blue-sky law, plaintiff was not entitled to recover in absence of proof that seller had knowledge that said sale was in violation of statute.[1]

Appeal from Wayne; Hunt (Ormond F.), J. Submitted April 15, 1932. (Docket No. 121, Calendar No. 36,133.) Decided September 16, 1932.

Assumpsit by Harold J. Vogler against William C. Roney & Company, a Michigan corporation, and another for the purchase price of stock sold in violation of the blue-sky law. Set-off by defendant for balance alleged to be due. Judgment of no cause of action. Both parties appeal. Affirmed.

*Stevenson, Butzel, Eaman & Long* (*Leo W. Kuhn*, of counsel), for plaintiff.

*Behr & Coolidge*, for defendants.

McDONALD, J. This suit was brought to recover the purchase price of certain stock which had not been approved for sale by the Michigan securities

[1] See amendment eliminating "knowing" clause. Act No. 136, Pub. Acts 1929 (2 Comp. Laws 1929, § 9788).—REPORTER.

As to blue-sky laws, see annotation in 15 A. L. R. 262; 24 A. L. R. 523; 27 A. L. R. 1169; 30 A. L. R. 1331; 40 A. L. R. 1014; 54 A. L. R. 498; 57 A. L. R. 1004.

commission.   The plaintiff bought the stock from
the defendants who are brokers with offices in the
city of Detroit.   When he learned that it had not
been approved for sale, he claims to have made a
tender and demanded the return of his money.   On
refusal he brought this suit.   The defendants filed
notice of set-off in which they claim damages of
$3,274 for failure of the plaintiff to pay for 100
shares of the stock.   The case was tried by the court
without a jury.   Findings of fact and law were filed
and a judgment of no cause of action entered.   Both
parties have appealed.

The following questions are involved:

1.   Does the so-called "knowing" clause of Act
No. 220, Pub. Acts 1923, § 20, apply both to the seller
of the stock and to his agent?

2.   Was the sale an interstate commerce transac-
tion so as not to come within the provisions of the
blue-sky law (2 Comp. Laws 1929, § 9769 *et seq.*)?

3.   Was there a valid tender?

1.   Does the so-called "knowing" clause of Act
No. 220, Pub. Acts 1923, § 20, apply both to the seller
of stock and to his agent?

Section 20 reads as follows:

"Every sale or contract for sale of any security,
not accepted for filing under this act or made con-
trary to any order of the commission, shall be void-
able at the election of the purchaser, and the person
making such sale or contract for sale, and every
agent of or for such seller who shall have partic-
ipated or aided in any way in making such sale,
knowing such sale to be in violation of this act, shall
be jointly and severally liable to such purchaser,
upon tender to the seller or in court of the securities
sold or of the contract made, for the full amount
paid by such purchaser, together with all taxable
court costs in any action brought under this section:

*Provided,* That no action shall be brought for the recovery of the purchase price after two years from the date of such sale or contract for sale. No purchaser otherwise entitled shall claim or have the benefit of this section, who, having knowledge of the fact that such sale was made in violation of the provisions of this act, shall have refused or failed within a reasonable time to accept the voluntary offer of the person making the sale to take back the securities in question and to refund the full amount paid by such purchaser.''

It is the plaintiff's contention that the ''knowing'' clause of this section does not apply to the seller but applies to the agent only; that it should receive a liberal construction and when so construed it leaves the liability of the seller as it was before the enactment. There is no occasion for a construction of the language used. There is no uncertainty or ambiguity about it. We cannot construe it contrary to the plainly expressed language of the legislature. It means just what it says; and it says that the seller and agent shall be jointly and severally liable to the purchaser if they make the sale knowing it to be a violation of the blue sky law.

Prior to the enactment of 1923, the statute contained no provision like section 20, but, without such a provision, this court allowed the buyer to recover the purchase price on the theory that the sale was a violation of a penal statute and therefore void. Section 20 of the 1923 act gave him a new remedy but made it depend on the knowledge of the seller or his agent that the sale of the stock had not been approved by the commission. Section 20 · was amended in Act No. 136, Pub. Acts 1929 (2 Comp. Laws 1929, § 9788), by eliminating the ''knowing'' clause. But that clause was in the statute when the sale of stock in this case was made. As it applies

to the seller, in order to make a case against him, the plaintiff must prove that he knew that the sale of the stock had not been approved by the commission. There is no evidence of that in the record. It is all to the contrary. Not having established that necessary element in his case, it follows that the plaintiff cannot recover in this action. And as this is decisive of the issue, it becomes unnecessary to discuss the other questions involved.

The judgment is affirmed, with costs to the defendants.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.